IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-60121
Summary Calendar

ASTER AFOMIA GHEBREHANE

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 734 611

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aster Afomia Ghebrehane petitions for review of the Board of Immigration Appeals's (BIA's) decision denying her applications for asylum and relief under the Convention Against Torture (CAT) and, additionally, denying her motion to reopen.

Because the BIA expressly adopted and affirmed the immigration judge's findings and holdings with regard to Ghebrehane's eligibility for asylum and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief under the CAT, we review the immigration judge's decision. Zhu v. Gonzales, 493 F.3d 588, 593 (5th Cir. 2007); see also Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The immigration judge found that Ghebrehane was not entitled to asylum because she was not a credible witness based on her internally inconsistent testimony and the discrepancies that existed between her testimony and the written documentation on the issues whether Ghebrehane was born in Eritrea or Ethiopia, when she last resided in Eritrea, how long she resided in Kenya, her residence and occupation in Kenya, and whether her residence in Kenya was restricted. We hold that the immigration judge's credibility determination was based on a reasonable interpretation of the record and was therefore supported by substantial evidence. See Chun, 40 F.3d at 79.

Similarly, we hold that the immigration judge's denial of relief under the CAT was also supported by substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 353 (5th Cir. 2002). Insofar as Ghebrehane argues that the BIA erred in denying her motion to reopen, she has not demonstrated an abuse of discretion. See Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

PETITION DENIED.